UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>              Plaintiff,<br><br>    v.<br><br>N. VERA, et al.,<br><br>              Defendants. | Case No.: 1:25-cv-01246-SKO<br><br>**ORDER GRANTING APPLICATION TO PROCEED** *IN FORMA PAUPERIS*<br><br>(Doc. 2) |

    Plaintiff Lance Williams is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action by filing a complaint and an application to proceed *in forma pauperis* (IFP) on September 22, 2025.

**I.    INTRODUCTION**

    The address reflected on Plaintiff's complaint and his IFP application, a post office box in Tarzana, California, reveals that Plaintiff was not in custody at the time he commenced this action.[1] (*See* Docs. 1 at 1 & 2 at 1.) Further, Plaintiff does not indicate he is incarcerated in his IFP application. (Doc. 2 at 1). Therefore, neither the filing fee provisions of 28 U.S.C. § 1915(b), nor § 1915(c)'s "three strikes" bar apply to this case. *See Andrews v. King,* 398 F.3d 1113, 1122 (9th Cir. 2005). And while Plaintiff may not be subject to the Prison Litigation Reform Act's (PLRA) requirement that a prisoner-plaintiff exhaust administrative remedies and provide copies

---

[1] Further, a search of the California Department of Corrections and Rehabilitation's inmate locator tool confirms Plaintiff is not presently incarcerated.

of prisoner trust fund account statements in support of any IFP application, he must otherwise comply with the requirement under 28 U.S.C. § 1915 and Local Rule 121 to submit a financial affidavit in support of his request to proceed IFP. 28 U.S.C. § 1915.

## II.     DISCUSSION

To proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 n.2 (1993); *see Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis does not violate the applicant's right to due process"), *abrogated on other grounds*, *Neitzke v. Williams*, 490 U.S. 319 (1989). A plaintiff need not be destitute to proceed IFP and the application is sufficient if it states that due to poverty, the applicant is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion. *See Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015).

Here, Plaintiff states he is unemployed and receives $220 in monthly welfare benefits and $250 in food stamps. (Doc. 2 at 1.) He also states he has $2 in cash, checking or savings accounts, and does not own any automobile, real estate, stock, bond, security, trust, jewelry, artwork, or any other financial instrument or thing of value. (*Id*. at 2.) Plaintiff states he is "homeless" and sometimes stays in hotel rooms. (*Id.*) His regular expenses include "student loans $1 to $75 a month, transportation public/uber $100 a month." (*Id*.) Plaintiff further states he provides financial support to his grand niece whenever possible. (*Id*.) Finally, Plaintiff states his total student loan obligation is $53,000. (*Id*.)

The Court finds Plaintiff has made the showing required by section 1915, and the request to proceed IFP will be granted. Plaintiff is advised that the Court is required to screen complaints brought by litigants who have been granted leave to proceed IFP. 28 U.S.C. § 1915(e)(2); *Lopez*

*v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). Plaintiff's complaint will be screened in due course.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS** that Plaintiff's application to proceed IFP (Doc. 2) is **GRANTED**.

IT IS SO ORDERED.

Dated:   **September 24, 2025**          /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE